## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**FLOR MARCANO DELANEY**, *et al.*,

      Plaintiffs,

      v.

**PUERTO RICO CHILDREN'S HOSPITAL,** *et al.*,

      Defendants.

Civil No. 15-1565 (BJM)

## <u>OPINION AND ORDER</u>

Plaintiffs Flor Marcano Delaney and Elmin Calderón García, personally and on behalf of their son, N.C.M., filed an amended complaint against Puerto Rico Children's Hospital ("Hospital"), Dr. Victor Ortiz Justiniano ("Dr. Ortiz"), and other defendants. Docket No. 28. Plaintiffs' claims arise under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141, for Dr. Ortiz's alleged medical malpractice during N.C.M's surgery, which allegedly resulted in permanent cerebral palsy. Defendants moved to dismiss the claim as time-barred, Docket No. 29, and plaintiffs opposed. Docket No. 39. The case is before me on consent of the parties. Docket No. 14. For the reasons that follow, the motion to dismiss is **denied**.

## MOTION TO DISMISS STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). The plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary" for the action. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988).  In evaluating

a motion to dismiss, the court first sorts out and discards any "'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The remaining "[n]on-conclusory factual allegations" are fully credited, "even if seemingly incredible." *Id.* In resolving a Rule 12(b)(6) motion, the court engages in no fact-finding. Rather, it presumes that the facts are as properly alleged by the plaintiff and draws all reasonable inferences in the plaintiff's favor. *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). Taken together, the facts pleaded must "state a plausible, not a merely conceivable, case for relief." *Ocasio-Hernández*, 640 F.3d at 12. At the same time, courts must not "forecast a plaintiff's likelihood of success on the merits." *Id.* at 13.

On a motion to dismiss, a court may not ordinarily consider any documents that are outside of the complaint or expressly incorporated therein unless the motion is converted into one for summary judgment. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *Rivera-Torres v. Castillo*, 109 F. Supp. 3d 477, 482 (D.P.R. 2015). However, if a document is central to the plaintiff's claim, is sufficiently referred to in the complaint, or its authenticity is not disputed by the parties, such document "merges into the pleadings" and the court may properly consider it at the motion-to-dismiss stage. *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998).

## FACTUAL AND PROCEDURAL HISTORY

As alleged in the complaint, N.C.M. was born on February 27, 2013. Docket No. 28 ¶ 11. The day after he was born,  N.C.M. was transferred to the Hospital with suspected bowel obstruction. *Id.* ¶ 14. In April 2013, N.C.M. underwent various medical treatments and exams for digestive conditions. *Id.* ¶ 20–23. On October 13, he was readmitted to the

Hospital for gastrointestinal surgery. *Id*. ¶ 24. The next day, N.C.M. went into cardiac arrest while in surgery as a result of Dr. Ortiz's alleged improper placement of a left subclavian tube for intravenous access. *Id*. ¶ 25. N.C.M. was neurologically normal before the surgery, but is now diagnosed with celebral palsy. *Id*. ¶ 29.

On December 18, 2014, plaintiffs filed a complaint in Puerto Rico state court, alleging medical malpractice against the Hospital, Dr. Ortiz, and other defendants. Docket No. 39. That suit was voluntarily dismissed without prejudice on April 16, 2015. *Id*. On May 12, 2015, plaintiffs filed a complaint in this court, which was later amended, against the same defendants for the same cause of action. Docket Nos. 1, 28.

## DISCUSSION

Medical malpractice claims in Puerto Rico are governed by Articles 1802[1] and 1803[2] of the Puerto Rico Civil Code, both of which carry a statute of limitations of one year[3] that begins to run once the aggrieved party knows that he or she has suffered a harm and who is responsible for it. *Ramírez-Ortiz v. Corporación Del Centro Cardiovascular de P.R. y Del Caribe*, 994 F. Supp. 2d 218, 221 (D.P.R. 2014) (citing P.R. Laws Ann. tit. 31, § 5298);[4] *Rodríguez v. Suzuki Motor Corp.*, 570 F.3d 402, 406 (1st Cir. 2009)). That is, the statute begins to run when the aggrieved party has actual knowledge of the injury and its origin, or with due diligence would have sufficient information to permit suit.

---

[1] "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31, § 5141.

[2] "The obligation imposed by § 5141 of this title is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible." P.R. Laws Ann. tit. 31, § 5142.

[3] "In Puerto Rico, the statute of limitations is a substantive and not a procedural matter." *Alejandro-Ortiz v. P.R. Elec. Power Auth.*, 756 F.3d 23, 27 (1st Cir. 2014) (citing *Olmo v. Young & Rubicam of P.R. Inc.*, 10 P.R. Offic. Trans. 965, 969 (1981)).

[4] Article 1868 of the Puerto Rico Civil Code states that "[a]ctions to demand civil liability . . . for obligations arising from the fault or negligence mentioned in § 5141 of this title, from the time the aggrieved person had knowledge thereof" must be filed within one year. P.R. Laws Ann. tit. 31, § 5298.

Marcano-Delaney, et al. v. Puerto Rico Children's Hospital, et al. Civil No. 15-1565 (BJM)                    4

*Villarini-Garcia v. Hosp. Del Maestro, Inc.*, 8 F.3d 81, 84 (1st Cir. 1993) (quoting *Ortiz v. Municipality of Orocovis*, 13 P.R. Offic. Trans. 619, 622 (1982)).  "Once a plaintiff is made aware of facts sufficient to put her on notice that she has a potential tort claim she must pursue that claim with reasonable diligence, or risk being held to have relinquished her right to pursue it later, after the limitation period has run." *Rodríguez-Suris v. Montesinos*, 123 F.3d 10, 16 (1st Cir. 1997). An aggrieved party may toll the statute by filing a judicial claim.  P.R. Laws Ann. tit. 31, § 5303.  Puerto Rico law contains a "restart rule" that gives plaintiffs one year from the date of a dismissal without prejudice to refile an action against any defendant that had been timely joined in the previous suit. *Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc.*, 812 F.3d 213, 222 (1st Cir. 2016).

Defendants argue that the claim is time-barred because the alleged malpractice occurred on October 14, 2013, and the plaintiffs' first complaint was filed on December 18, 2014. Docket No. 29. According to defendants, the last day to file the complaint was October 14, 2014; therefore the original complaint was time-barred because it was filed after the limitations period. *Id.*

Plaintiffs respond that the date that started the one-year statute-of-limitations period was not October 14, 2013, but rather June 27, 2014. Docket No. 39. Plaintiffs stress that they did not receive the medical records provided by Hospital until February 6, 2014, and such medical records were sent for evaluation by a medical expert on June 27, 2014. *Id.* Therefore, plaintiffs contend that the limitation period was tolled on December 18, 2014 when they filed the state-court complaint, and that after the dismissal on April 16, 2015, the one-year period was restarted. *Id.* In advancing their position, plaintiffs point to documents outside the pleadings which ordinarily must be excluded from consideration

unless the court converts the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). But the issue here is the date that the plaintiffs gained knowledge of the cause of action, as plaintiffs contend that the medical records were received later than October 14 and information was not provided by the Hospital or the doctors. Docket No. 28 ¶ 28. Plaintiffs' opposition has attached those documents. Docket No. 39-1. Because these documents are central to the claim, are referred to in the complaint, and their authenticity is undisputed, the dates of these documents may be considered at this stage. *Id.* Indeed, defendants do not dispute the dates specified in the medical documents plaintiffs submitted. Docket Nos. 29, 43.

The Puerto Rico Supreme Court recognizes two types of knowledge that will start the one-year period to file a claim. *Rivera-Carrasquillo*, 812 F.3d at 216. First, a plaintiff may have "actual knowledge of both the injury and of the identity of the person who caused it." *Alejandro-Ortiz v. Puerto Rico Elec. Power Auth.*, 756 F.3d 23, 27 (1st Cir. 2014). Second, a plaintiff is "deemed to be on notice of her cause of action if she is aware of certain facts that, with the exercise of due diligence, should lead her to acquire actual knowledge of her cause of action." *Id.* '[T]he one-year [statute of limitations] does not begin to run until the plaintiff possesses, or with due diligence would possess, information sufficient to permit suit.'" *Id.* (alterations in original) (quoting *Villarini–García*, 8 F.3d at 84). With respect to the origin of the damage, a party must have sufficient facts to know the cause of the damages. *Mercado-Santoni v. Hosp. Buen Samaritano*, No. 09-1829 JAF, 2010 WL 3363148, at *1 (D.P.R. Aug. 25, 2010); *see Riley v. Rodríguez de Pacheco,* 19 P.R. Offic. Trans. 806, 821 (1987). This "knowledge must include both the injury and the causal link between the injury and the allegedly negligent medical procedure." *Santana-*

*Concepcion v. Centro Medico del Turabo, Inc.*, 768 F.3d 5, 9 (1st Cir. 2014). In the present case, plaintiffs allege that they were not informed about what happened in the surgery room. Docket No. 28, ¶¶ 25–26. And when they asked the Hospital for the documents, the Hospital provided them four months after the surgery. *Id.*

A plaintiff who sues later than a year after the injury "bears the burden of proving that she lacked the requisite 'knowledge' at the relevant times." *Alejandro-Ortiz*, 756 F.3d at 27. If this is demonstrated by the plaintiff, the one-year time period begins at a later date. *Rivera-Carrasquillo*, 812 F.3d at 217. "Puerto Rico decisions say that the knowledge required to start the statute running is knowledge not only of harm but also of 'the origin of the injury,' which we take to include knowledge of the wrong and a causal link between the wrong and some harm." *Villarini-Garcia*, 8 F.3d at 84 (citing *Colon Prieto v. Geigel*, 115 D.P.R. 232, 329, 15 Off.Trans. 313 (1984)). The intended effect of this interpretation is kind to plaintiffs; their claim will not be time-barred if at the time of the injury they were not aware of all of the "elements necessary to exercise their right." *Torres v. Hosp. San Cristobal*, 831 F. Supp. 2d 540, 544 (D.P.R. 2011).

In the present case, the plaintiffs argue that they gained knowledge of the cause of action after the date of the injury on October 14, 2013. Docket No. 28 ¶ 28. After the surgery, N.C.M. was discharged from the Hospital on November 10, 2013. Docket No. 39. Plaintiffs requested medical records three days after N.C.M.'s discharge date, but did not receive documents from the Hospital until February 6, 2014. *Id.* To gather all relevant facts, and to determine the nature of the cause of action, particularly the casual link, they had to receive medical records; only after obtaining these records were plaintiffs able to consult an expert and ascertain the exact nature of the cause of N.C.M.'s condition and the

necessary facts to state a claim. Docket No. 28, ¶ 28. Defendants do not contend the doctors informed the plaintiffs about the tube's improper placement or the reason for the injury before February 6, 2014. And plaintiffs were not informed about what happened even when they asked questions. Docket No. 28, ¶¶ 25–26. Defendants do not dispute this allegation. Accordingly, without that information from the Hospital, the only way for plaintiffs to gain knowledge of the causal link between the injury and the allegedly negligent placement of the tube was through the documents prepared by the hospital. *See Santana-Concepcion*, 768 F.3d at 9.

After reviewing the arguments, I conclude that the one-year prescription period began not earlier then February 6, 2014, the date the plaintiffs obtained the medical records. Docket No. 39-1. By filing the original suit on December 18, 2014, the statute of limitations was tolled. And a new one-year period began on April 16, 2014, when that suit was voluntarily dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd of May, 2016.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge